UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY ADAMS #268663,

    Plaintiff,                                   Hon. Gordon J. Quist

v.                                                           Case No. 1:19-cv-142

JOHN DOBIAS, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 12). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted, Plaintiff's claims against Unknown Parties #1 and #2 be dismissed, and this matter terminated.

**BACKGROUND**

In his verified complaint, Plaintiff makes the following allegations. On February 6, 2018, Corrections Officer John Dobias placed Plaintiff in handcuffs and belly chains so that he could be transported to a different correctional facility. Plaintiff "immediately" informed Dobias that "the handcuffs were on too tight." Dobias responded, "they don't look too tight to me." Plaintiff reiterated that the handcuffs were "too tight" and "hurting [his] wrists." Dobias neither responded to this comment nor examined Plaintiff's handcuffs to determine if they had, in fact, been applied properly.

-1-

It took several hours to transport Plaintiff to his final destination. During this time, Plaintiff repeatedly complained to the MDOC transport officers that the handcuffs were "hurting [his] wrist." These complaints were ignored, causing Plaintiff to experience "pain" and "numbness" in his left hand as well as "dizz[i]ness." Upon reaching his final destination, a prison official observed that Plaintiff's handcuffs were "on the wrong way." When the handcuffs were removed, this official observed "swelling, abrasions, and bleeding" on Plaintiff's left wrist. This official notified medical staff who "immediately" documented Plaintiff's injuries and provided medical care. Plaintiff continued to receive medical care for his injuries and was informed several months later that his injuries required surgical treatment.

Plaintiff initiated this action against Defendant Dobias and the two unidentified officers who accompanied Plaintiff during his transport. Plaintiff alleges that Defendants used excessive force in violation of the Eighth Amendment. Service has not been effected on the two unidentified transport officers. Defendant Dobias now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his administrative remedies.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient

opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.

In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.      Defendant Dobias – Exhaustion**

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to plead exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216

(2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA," which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Ibid.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V. The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step I response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Ibid.*

In support of his motion for summary judgment, Defendant has presented evidence that while, Plaintiff did pursue a grievance concerning this matter, his grievance was rejected as untimely at all three steps of the grievance process. Plaintiff submitted a Step I grievance on September 17, 2018, against Defendant Dobias concerning the events of February 6, 2018, discussed above. (ECF No. 13-3 at PageID.72-76). Specifically, Plaintiff alleged that on February 6, 2018, Dobias placed him in handcuffs which were too tight causing him to experience pain and injury. (ECF No. 13-4 at PageID.78). Plaintiff alleged that Dobias' conduct caused him to experience "unnecessary pain and suffering and mental and emotional distress upon me on date of 2-06-18." (ECF No. 13-3 at PageID.76). Plaintiff's Step I grievance was rejected as untimely. (ECF No. 13-5 at PageID.80). This determination was affirmed at Steps II and III of the grievance process. (ECF No. 13-3 at PageID.72-75).

Plaintiff does not contest or challenge this evidence. Likewise, Plaintiff does not allege that he submitted any other grievance which he properly pursued through all three steps of the grievance process. Instead, in his response to the present motion, Plaintiff advances two arguments neither of which are persuasive.

First, Plaintiff argues that his September 17, 2018, grievance should be deemed timely by application of the continuing violation doctrine. In the context of exhaustion, the continuing violation doctrine recognizes that, where a prisoner alleges an *ongoing* violation of his rights, "a grievance that identifies the persistent failure to address that condition must be considered timely as long as the prison officials retain the power to do something about it." *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011). Plaintiff's complaint does not concern an ongoing violation of his rights, but instead arises from events allegedly occurring on a single day. The Court concludes, therefore, that the continuing violation doctrine has no applicability in this matter.

Next, Plaintiff argues that he could not have been expected to submit a grievance until he first realized that he suffered physical harm as a result of Defendant's alleged conduct. Even if such constitutes an accurate statement of the law, a question on which the Court offers neither comment nor opinion, Plaintiff's pleadings fatally undermine his reliance on such.

In his verified complaint, which carries the weight of a sworn affidavit, Plaintiff asserts that immediately after the handcuffs were applied, he began experiencing pain. Plaintiff further alleges that during the several hour trip to his destination he

experienced pain, numbness, and dizziness. Finally, Plaintiff alleges that, immediately after his handcuffs were removed, a prison official observed "swelling, abrasions, and bleeding" on Plaintiff's left wrist for which Plaintiff received immediate medical treatment. These events all allegedly occurred on February 6, 2018. While the Court recognizes that the condition of Plaintiff's left wrist allegedly deteriorated following the incident in question, Plaintiff's own sworn statements belie any argument that he could not reasonably have understood, as of February 6, 2018, that there then existed a legitimate basis to submit a grievance against Defendant Dobias.

In sum, as noted above, proper exhaustion under the PLRA obligated Plaintiff to comply with the MDOC's "deadlines and other critical procedural rules." Plaintiff's failure to comply with such compels the conclusion that Plaintiff has failed to properly exhaust his administrative remedies with respect to his claims against Defendant Dobias. Accordingly, the undersigned recommends that Defendant Dobias' motion for summary judgment be granted and Plaintiff's claims against Dobias be dismissed without prejudice.

## II. Unknown Parties #1 and #2 – Failure to Timely Effect Service

As noted above, Plaintiff also asserts claims against two unidentified MDOC employees against whom service has not been effected. Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that, if service of the summons and complaint is not made upon a defendant

within 90 days after the filing of the complaint, "the court – on motion or on its own initiative after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added).

Plaintiff's complaint was filed on February 25, 2019, and the Court ordered, on April 15, 2019, that Plaintiff's complaint be served. Almost six months has passed and service on these two defendants has not been accomplished. Plaintiff has neither requested an extension of time to affect service nor requested assistance in learning the identity of these two defendants. Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Defendant Unknown Parties #1 and #2 be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends the following: (1) Defendant's Motion for Summary Judgment, (ECF No. 12), be granted, and Plaintiff's claims against Defendant Dobias be dismissed without prejudice for failure to properly exhaust administrative remedies; (2) Plaintiff's claims against Unknown Parties #1 and #2 be dismissed without prejudice for failure to timely effect service; and (3) this matter be terminated.

Dated: October 11, 2019                      /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).