# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TERRY ADAMS #268663,

      Plaintiff,

                                           Case No. 1:19-CV-142

v.

                                           HON. GORDON J. QUIST

JOHN DOBIAS, et al.,

      Defendants.

_____/

## OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, Terry Adams, a prisoner in a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendant John Dobias and two unidentified officers used excessive force against him by placing handcuffs too tight, in violation of the Eighth Amendment, when transporting Adams to a different correctional facility. Dobias filed a motion for summary judgment, arguing that Adams failed to exhaust his administrative remedies. (ECF No. 12.) On October 11, 2019, Magistrate Judge Phillip Green submitted a Report and Recommendation (R & R) recommending that this Court (1) grant Dobias's motion for summary judgment and dismiss Adams's claim against Dobias without prejudice for failure to properly exhaust administrative remedies; (2) dismiss Adams's claim against the two unidentified officers for failure to timely effectuate service; and (3) terminate this matter. (ECF No. 20.)

Adams objected to the R & R. (ECF No. 24.) Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This

Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

Proper exhaustion of administrative remedies requires "compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 2386 (2006). In the instant case, the magistrate judge found that Adams had not properly exhausted his administrative remedies because, although he pursued a grievance regarding his claim of excessive force against Dobias, the grievance was rejected as untimely at all three steps of the grievance process. Prior to submitting a grievance, a prisoner is required to attempt to resolve the issue with the staff member involved within two business days of becoming aware of the a grievable issue. Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If the attempt is unsuccessful, the prisoner must submit a Step I grievance within five business days after attempting to resolve the matter with staff. *Id*. at ¶ V. The events at issue in this case occurred on February 6, 2018. Adams first submitted a corresponding Step I grievance on September 17, 2018, more than seven months later.

Adams first objects to the R & R by asserting that "the ongoing medical condition doctrine" renders his September 17, 2018, Step I grievance timely. But that is a misunderstanding of the doctrine. Under the doctrine, "claims relating to an ongoing medical condition arising before, as well as after, the relevant grievance was filed may be considered exhausted." *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778, 782 (E.D. Mich. 2008). In other words, had Adams properly grieved his excessive force claim (and the related medical condition) shortly after the incident in February

2018, any claims related to ongoing or lingering pain and suffering originating from the incident would also be exhausted. The ongoing medical condition doctrine does not save Adams's claim.

Adams next objects to the magistrate judge's statement that Adams did not allege that he submitted any other grievance that he properly pursued through all three steps of the grievance process. (*See* R & R, ECF No. 20 at PageID.112.) Adams contends that he did submit a Step I grievance for bruises on his left hand, but then he was again transferred to another facility. (Objections, ECF No. 24 at PageID.125.) Thus, there was nothing incorrect about the magistrate judge's statement—Adams did not properly pursue any other grievance through all three steps of the grievance process, as he stopped after Step I.

Finally, Adams objects to the magistrate judge's recommendation that his claims be dismissed against the unidentified officers for failure to effectuate service. Adams argues that because he was granted *in forma pauperis* status and the U.S. Marshal Service has made no comment regarding the location of the unknown Defendants, he should be granted discovery and time to identify the unknown officers. However, as the magistrate judge pointed out, at the time that the R & R was submitted, Adams had neither requested an extension of time nor requested assistance in learning the identity of the two unknown Defendants.

Under Federal Rule of Civil Procedure 4(m), Adams had 90 days from the filing of his complaint to serve the unidentified Defendants. Only if Adams shows "good cause for the failure" to effectuate service, must the court extend the time for service. *Id*. Adams has not shown good cause. Nearly six months passed between the time the Court ordered service of the complaint and when the R & R was submitted, and in that time, Adams did nothing to discover the identities of the two unknown officers to aid the U.S. Marshals in locating Defendants for service. "Although the Marshal had a duty to serve [the unidentified Defendants], Plaintiff could not sit by in silence

when he knew that service had not been executed." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 943

(E.D. Mich. 2004).

> While [Adams] and other incarcerated plaintiffs proceeding in forma pauperis may rely on service by the U.S. Marshals, a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge.

*Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

THEREFORE,

**IT IS HEREBY ORDERED** that the October 11, 2019, Report and Recommendation (ECF No. 20) is **adopted** as the Opinion of this Court. Plaintiff's Objections (ECF No. 24) are **overruled**.

**IT IS FURTHER ORDERED** that Defendant Dobias's Motion for Summary Judgment Based on Failure to Exhaust (ECF No. 12) is **granted**. Plaintiff's claim against Defendant Dobias is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Unknown Parties #1 and #2 are **dismissed without prejudice** for failure to timely effectuate service.

This case is **concluded**. A separate judgment will enter.


Dated: December 11, 2019                       /s/ Gordon J. Quist
                                    _____
                                          GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE